PONDER, Justice.
The plaintiff is appealing from a judgment rejecting its demands to confirm its *892 title to three certain lots located in the City of New Orleans and to cancel and •erase the mortgage on these lots from the public records.
The question presented on this appeal is whether or not the relationhip of debtor and creditor became united in the same person so as to extinguish by confusion a vendor’s lien and privilege.
It appears that three lots were purchased by Blythe Company, Incorporated, from the Thrift Homestead Association and that the mortgage in dispute herein was executed in favor of the Thrift Homestead Association to secure a promissory note in the amount of $3,000 given as part of the purchase price of the property. The property was adjudicated to the Dixie Land Company, Incorporated, on May 7, 1938, by the State Tax Collector for the taxes due on it for the year, 1933. The Blythe Company, Incorporated, sold the property to Blythe Lots, Incorporated, on May 6, 1936. Blythe -Lots, Incorporated, sold the property to Joseph A. Blythe on December 18, 1942. The Thrift Homestead Association went into liquidation on January 29, 1937, on the petition of the State Bank Commissioner. After the homestead went into liquidation and after considerable negotiation, Harvey Peltier agreed to purchase the note and other notes of Blythe Company, Inc., owned by the homestead in liquidation, with the understanding that the Bank Commissioner would obtain the approval .of the court for the sale of the notes. The Bank Commissioner secured an order from the court on April 5, 1946, authorizing the Liquidator to compromise the notes of Blythe Company, Incorporated. Harvey Peltier executed a check payable to the Thrift Homestead in Liquidation which was presented to the Liquidator by Joseph A. Blythe and the notes were turned over to Blythe who transmitted them to Harvey Peltier. Upon finding that the notes were not properly endorsed, Peltier wrote Blythe on April 9, 1946, calling his attention to this fact and stating that it was necessary for the notes to be endorsed “without recourse” by the Liquidator. Mrs. Williams, the Special Agent for the Liquidator, endorsed the notes and they were returned to Peltier.
The plaintiff contends that the note involved herein was paid by Joseph A. Blythe with money loaned to him by Harvey Peltier and that at the moment the money was paid over to the Liquidator and the note touched the hands of Blythe, Blythe being president of Blythe Company, Incorporated, that the mortgage became extinguished by confusion.
There seems to be no dispute as to the law governing this case. Both parties to this suit cite and rely upon the same authorities, as follows:
“If a bill or note is paid after its maturity by a stranger to the paper, it will, in general, be held to be a purchase and not a payment of the instru *894 ment. Whether it is a payment or a purchase is, however, a question of intention to be determined as a fact from the acts and declarations of the parties and from the surrounding circumstances. However, an agreement between the maker and the third person is not of controlling force; it is the agreement between the third person and the holder of the note that controls.” Smith v. Vinson, 7 La.App. 309, quoting 8 Corpus Juris, page 588, Section 826.
See also 10 C.J.S.Verbo, Bills and Notes, § 451, p. 988, wherein the general rule is stated and the statement is made, “Nothing further appearing, if a bill or a note is paid after its maturity by a stranger to the paper, it will in general be held to be a purchase and not a payment of the instrument * * * Si
The evidence in this case clearly shows that Peltier was a stranger to the paper and that the intention of the parties was that Peltier was purchasing the notes. This involves a question of fact and the-evidence supports the findings of the district judge to that effect. The notes were endorsed by the Liquidator and transmitted to Peltier at an unsuspicious time and long before this litigation arose.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.