GLADNEY, Judge.
This suit was brought April 27, 1964, for the purpose of having certain described real estate in the City of Shreveport returned to plaintiff and, in the alternative, for judgment for the value of a lot valued at $2,500.-00. Named as defendants are Mrs. Ernestine Grunwald; her husband, Robert A.. *618 Grunwald, Federal Insurance Company and the Lamar Life Insurance Company. The Lamar Life Insurance Company filed an exception of no cause and no right of action which was sustained by the trial court prior to the joinder of issues between plaintiff and the remaining defendants. The present appeal involves only the Lamar Life Insurance Company and Gladys Theresa Wilson, plaintiff-appellant.
The facts which gave rise to this controversy stem from circumstances which include : the purchase of a house and lot by plaintiff subject to a mortgage note held by appellee herein, the destruction of the house by fire, the transfer of the mortgage note by appellee to the fire insurer, Federal Insurance Company, and foreclosure on the lot through executory process. Chronologically stated, the allegations, which are accepted as true for the purpose of this exception arc: On February 11, 1956, the owners of the subject property, Bob Joseph Miller and his wife, mortgaged the property to S. H. Hetherwick & Company as security for their note of $14,300.00; on May 15, 1957, at which time the Millers were still owners, S. II. Hetherwick & Company sold the mortgage note to Lamar Life Insurance Company; on October 6, 1958, the Millers conveyed the property to West T. Bullock and his wife who on June 10, 1960, sold the property subject to the existing mortgage to the plaintiff; on February 6, 1962, plaintiff insured her property for $17,500.00 with the Federal Insurance Company for a period of three years commencing on February 11, 1962; the policy containing the mortgage clause in favor of Lamar Life Insurance Company, and on September 17, 1962, the improvements on the property were destroyed by fire.
Appellant alleges that during October and November, 1962, the Federal Insurance Company was furnished with proofs of loss. However, there ensued some controversy between the insurer and the insured as payment under the policy was not immediately made and on May 28, 1963, the Lamar Life Insurance Company was paid by the Federal Insurance Company the sum of $12,183.50, which sum included all of the principal and interest due to date on the mortgage note. At the request of the Federal Insurance Company, the Lamar Life Insurance Company transferred the note by assigning and endorsing it to the Federal Insurance Company, or “to any future holder” of the note. The petition further alleges that on September 12, 1963, the Federal Insurance Company, not having paid the fire loss, appellant brought suit upon the policy, which suit was compromised and settled on November 23, 1963. .. ..
The position of the appellant is that the payment by the Federal Insurance Company to Lamar Life Insurance Company was payment of a debt due appellant by reason of the fire loss and such payment should have been noted as a payment on the mortgage note. Petitioner further alleged that Mrs. Grunwald, who was a person interposed and acting for the Federal Insurance Company, filed suit on the mortgage note in the First District Court of Caddo Parish and, by ex-ecutory process without legal notice to petitioner, foreclosed the mortgage securing the note. Appellant argues the Lamar Life Insurance Company was under a legal duty to cancel the mortgage note and that because of its failure to do so she has been deprived of the ownership of her lot. The exceptor declares it simply sold or assigned the note to the purchaser who was a stranger thereto, and that fact alone did not cause appellant to lose her real estate by foreclosure. Lamar further points out in support of its exception that the note was a negotiable one, no conspiracy involving it has been alleged, and it had no legal obligation to cancel the note.
Although appellant has assigned several specifications of error, primarily it is charged that the trial court erred in holding that there was no duty upon Lamar Life Insurance Company to mark the note “paid” upon receiving the balance in principal and interest due thereon and return the same to plaintiff. Stated somewhat differently the question to be decided is whether the pay *619 ment on the note was a consideration for its transfer of ownership and assignment or whether it represented a payment on behalf of appellant by its insurer debtor.
The modes in which a negotiable instrument may be discharged are set forth in LSA-R.S. 7:119 among which is enumerated the intentional cancellation thereof by the holder. It would appear, however, that where there is no intention by the transacting parties to discharge the instrument by payment, the transaction is one of purchase. Thus it was held in Cason v. Cecil, 194 La. 41, 193 So. 362 (1940), that whether a negotiable instrument taken up by one who is neither a party to the paper, nor bound by its payment, constitutes “payment” or “purchase” is a question of intention to be determined by the evidence. In such a case the payment will ordinarily be considered a purchase in the absence of anything to the contrary. The agreement between the payor and holder of the note controls in determining whether payment of the note by a stranger to the paper is a payment or a purchase of the instrument and the agreement between the maker and payor is not of controlling force. Dixie Land Company v. Blythe, 227 La. 889, 80 So.2d 853 (1955).
Plaintiff expressly alleges in her petition that on May 28, 1963, Lamar Life Insurance Company assigned the note and mortgage described to “Any future holder of said note.” This expression evidences an intention on behalf of the payor to purchase the instrument rather than the purpose of discharging the instrument by payment. At that time the liability of Federal Insurance Company to its insured was, contingent and had not been fixed by agreement or by court action. The filing of plaintiff’s suit to collect on the policy was finally settled on September 12, 1963, subsequent to the transaction of May 28, 1963, between Federal Insurance Company and Lamar Life Insurance Company.
Plaintiff’s petition has failed to allege the intent of Federal Insurance Company to discharge the note by its payment to the Lamar Life Insurance Company, but on the contrary, the petition seems to evidence an intention to purchase and of Lamar Life Insurance Company to assign the note. Such was the holding of the trial judge, and his ruling is borne out by the record presented on this appeal.
Accordingly the judgment from which appealed is affirmed at appellant’s costs.